IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 10-cv-00671-ZLW-BNB

CHARLES SAM WORRELL, an individual,

       Plaintiff,

v.

COLORADO COMMUNITY BANK, a Colorado corporation,
WASHINGTON INVESTMENT COMPANY, a Colorado corporation, and
JERRY BRYANT, individually,

       Defendants.

---

ORDER

---

       The matter before the Court is Defendants' Motion To Dismiss (Doc. No. 8). The Court has determined that the matter can be resolved on the parties' papers without a hearing.

**A.**    **Plaintiff's Claims**

       Plaintiff, a sixty-six year-old former employee of Defendant Colorado Community Bank (Bank), alleges that he was wrongfully forced to resign from his employment due to his age. Plaintiff alleges that Defendant Washington Investment Company (Parent Company) is the Bank's parent company, and that Defendant James Bryant is CEO/Owner of the Bank and Chairman and President of the Parent Company. Plaintiff's Complaint pleads six claims for relief, for (1) Violation of ADEA - Disparate

Impact, against the Bank and Parent Company,[1] (2) Violation of ADEA - Disparate

Impact, against the Bank, (3) Violation of ADEA - Constructive Discharge, against the

Bank, (4) Violation of Colo. Rev. Stat. § 24-34-402(10(e) - Aiding and Abetting, by

Defendant Bryant, (5) Breach of Contract, against all Defendants, and (6) Promissory

Estoppel, against all Defendants.

Defendants move to dismiss the first, second, and fourth claims for relief in their

entirety, and the fifth and sixth claims for relief as against Defendant Bryant only.

Plaintiff has agreed to dismiss the fifth and sixth claims for relief against Defendant

Bryant only.[2]  Accordingly, only the first, second, and fourth claims for relief are at issue

on this motion.


**B.     Legal Standard**

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations

of fact 'to state a claim to relief that is plausible on its face.'"[3]  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged,"[4] and legal

---

[1]The Court assumes that Plaintiff's reference to the "Entity Defendants" in his first claim for relief is a reference to the Bank and the Parent Company collectively.

[2]See Plaintiff's Response brief (Doc. No. 10) at 3 n.2; 10.

[3]Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[4]Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

conclusions couched as factual allegations are insufficient.[5]  Thus,

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether
> they plausibly give rise to an entitlement to relief.[6]

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully."[7]  Determining whether a

complaint states a plausible claim for relief is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."[8]

## C.    Analysis

### 1.    Disparate Impact Claims

Plaintiff's first and second claims for relief allege violations of the Age

Discrimination in Employment Act[9] (ADEA) based upon a disparate impact theory.

---

[5]See id. at 1949-50.

[6]Id. at 1950.

[7]Id. at 1949 (quoting Twombly, 550 U.S. at 545).

[8]Id. at 1950.

[9]29 U.S.C. § 621 et seq.  The prohibitions set forth in the ADEA apply to employees who are at least 40 years old.  29 U.S.C. § 621(a).

Disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but in fact fall more harshly on one group than another."[10]

### a. First Claim for Relief

With respect to his first claim for relief, Plaintiff alleges that before he was hired by the Bank as Branch President in April 2005, he told Defendant Bryant that he would be able to work for the Bank through his remaining working years until his retirement, when he would be fully vested in the Bank's 401k/ESOP plan.[11]  It appears that Plaintiff was 62 years old when he was hired.

Three years later, in late 2008, Defendant Bryant informed Plaintiff that he would like to have a time line for the transition of employee Jason Jones into Plaintiff's position as President, and for the transition of Plaintiff into a Vice President position.[12]  Jones was under 40 years old.  Plaintiff worked with Jones to transition Jones into the President role, but Plaintiff and Jones could not agree upon a firm transition date.[13] Plaintiff alleges that thereafter he was told that he would have to resign or be fired due to a bad loan audit that he had just completed, even though none of the delinquent

---

[10] Smith v. City of Jackson, Mississippi, 544 U.S. 228, 239 (2005).

[11] Complaint ¶ 16.

[12] Complaint ¶ 24.

[13] Complaint ¶¶ 26-27.

loans shown on the audit were approved solely by Plaintiff.[14]  Plaintiff resigned on

January 2, 2009.[15]

"*Disparate impact* occurs when a facially neutral practice adversely affects

members of a protected group more than others regardless of whether such adverse

impact was actually intended."[16]  A workplace requirement which was imposed only on

the plaintiff, as opposed to a workplace policy affecting all employees, cannot form the

basis of a disparate impact claim.[17]  In other words, "discriminatory impact cannot be

established where you have just one isolated decision."[18]  Further, a plaintiff alleging

disparate impact "must point to both a significant disparate impact and to a *particular*

policy or practice that caused the disparity."[19]

Here, while Plaintiff broadly alleges that "Defendants implemented a transition or

succession plan to replace Branch Presidents . . . [which] had a disparate impact on

members of Plaintiff's protected group (over-40),"[20] the factual allegations in the

Complaint state only that Plaintiff was asked to provide a timeline for another particular

_____

[14]Complaint ¶¶ 27-28.

[15]Complaint ¶ 31.

[16]Tyler v. City of Manhattan, 118 F.3d 1400, 1405 (10th Cir. 1997).

[17]See e.g., Sandoval v. City of Boulder, 388 F.3d 1312, 1326 (10th Cir. 2004).

[18]Coe v. Yellow Freight System, Inc., 646 F.2d 444, 451 (10th Cir. 1981).

[19]Pippin v. Burlington Resources Oil and Gas Co., 440 F.3d 1186, 1200 (10th Cir. 2006) (emphasis in original).

[20]Complaint ¶¶ 33-34.

employee to transition into his specific position, and for Plaintiff to transition into another position.  Plaintiff has failed to identify any systematic practice or procedure for transitioning employees into new positions which was facially neutral but discriminatory in effect.[21]  Further, Plaintiff has failed to allege facts indicating that he suffered any damage stemming from Jones' proposed transition into Plaintiff's position, as opposed to damage suffered as a result of the alleged wrongfully forced resignation itself.  Plaintiff's factual allegations do not plausibly give rise to an entitlement to relief under a disparate impact theory.  Thus, the first claim for relief properly is dismissed pursuant to Fed. R. 12(b)(6) for failure to state a claim for relief.

### b.    Second Claim for Relief

In his second claim for relief, Plaintiff alleges that the Bank disciplined younger employees more leniently than Plaintiff's protected group, or not at all, for failing to maintain a satisfactory loan portfolio.[22]  Plaintiff attempts to fashion a disparate impact claim by asserting that the Bank's manner of enforcing a facially neutral work rule (that employees must maintain a satisfactory work portfolio) more strictly against older workers had a disparate impact on older workers.  Such allegations do not state a claim for disparate impact discrimination.  Plaintiff alleges, in substance, that an unspecified policy or practice was applied only to, or more harshly to, older workers, not that a policy was applied to all workers but had a disproportionate impact on older workers.  In

---

[21]See Coe, 646 F.2d at 451.

[22]Complaint ¶¶ 37-38.

other words, there is no pleading of a neutral policy with a disparate impact. Therefore, the second claim for relief properly is dismissed.

The Court construes Plaintiff's third claim for relief, which Defendants do not seek to dismiss on this motion, as a disparate impact claim under the ADEA and the Colorado Anti-Discrimination Act[23] (CADA). Thus, no amendment of the Complaint is necessary in order for Plaintiff to assert employment discrimination based on disparate treatment.

### 2.    Aiding and Abetting Claim

Plaintiff's fourth claim for relief alleges that Defendant Bryant violated Colo. Rev. Stat. § 24-34-402(1)(e) by aiding and abetting the Bank and the Parent Company's unfair employment practices. In order to state a claim against Defendant Bryant under CADA, Plaintiff was required first to exhaust his administrative remedies as to such a claim.[24] Colo. Rev. Stat § 24-34-306(1)(a) requires that in order to exhaust, the complaining party must file with Colorado Civil Rights Division (CCRD) "a verified written charge stating the name and address of the respondent alleged to have committed the discriminatory or unfair practice." The CCRD Charge of Discrimination[25] form requires that the complaining party state the name and street address of the "Employer, Labor

---

[23]Colo. Rev. Stat. § 24-34-301 et seq.

[24]See Colo. Rev. Stat. § 24-34-306.

[25]Motion Ex. A (Doc. No. 8-1). The Court may consider this document on the present motion to dismiss because, while it is outside of the pleadings, it is central to Plaintiff's claims and its authenticity is not disputed. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941-42 (10th Cir. 2002).

Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others." The form provides <u>two</u> spaces for entry of the names and addresses of <u>two</u> respondent entities. The form states that if there are "more than two" respondents, the complaining party should "list" those parties under the "PARTICULARS" section on the form.[26]

Although there are two spaces on the form to allow the complainant to name up to two respondents, Plaintiff entered only <u>one</u> respondent, Colorado Community Bank, and left the second space blank. In the narrative set forth in the "PARTICULARS" section of the form, Plaintiff did discuss alleged actions taken by "the CEO/Bank President." However, he did not "list" or otherwise identify Defendant Bryant's name or address, as required by Colo. Rev. Stat § 24-34-306(1)(a). The Charge of Discrimination filed by Plaintiff provided no notice that Plaintiff was intending to charge Bryant personally with employment discrimination, and cannot reasonably be read as asserting any claim against Defendant Bryant individually.[27] Thus, the fourth claim for relief properly is dismissed.

Although Plaintiff requests leave to amend his Complaint should the Court determine that his claims are deficient, Plaintiff has not explained how any amendment

---

[26]<u>See</u> Motion Ex. A. (Doc. No. 8-1).

[27]Because the Court concludes that Plaintiff did not exhaust administrative remedies as to Defendant Bryant, the Court need not and does not determine whether claims against a corporation's individual officers or managers are permitted under CADA.

could cure the deficiencies addressed herein.  Amendment is not warranted in this case.

Accordingly, it is

ORDERED that Defendants' Motion To Dismiss (Doc. No. 8) is granted.  It is

FURTHER ORDERED that the first, second, and fourth claims for relief in Plaintiff's Complaint are dismissed with prejudice.  It is

FURTHER ORDERED that the fifth and sixth claims for relief in Plaintiff's Complaint are dismissed with prejudice against Defendant Jerry Bryant only.  It is

FURTHER ORDERED that Defendant Jerry Bryant is dismissed from this action with prejudice, and the caption shall be amended accordingly.  It is

FURTHER ORDERED that this action shall proceed on the third claim for relief against Defendant Colorado Community Bank, and on the fifth and sixth claims for relief against Defendants Colorado Community Bank and Washington Investment Company.

DATED at Denver, Colorado, this 21st day of July, 2010.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court